**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4020**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES HOWARD HARRIS,

Defendant - Appellant.

_____

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8173)

_____

Submitted: February 15, 2006          Decided:  March 21, 2006

_____

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Walter L. Jones, CLIFFORD, CLENDENIN, O'HALE & JONES, LLP,
Greensboro, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Angela H. Miller, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court.  We previously affirmed James Howard Harris' sentence imposed upon his convictions for distribution of an unspecified quantity of cocaine base, in violation of 21 U.S.C. § 841 (2000), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924 (2000).  United States v. Harris, No. 04-4020 (4th Cir. Oct. 13, 2004) (unpublished).  The Supreme Court vacated our decision and remanded Harris' case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A district court violates the Sixth Amendment when, acting pursuant to a mandatory application of the Sentencing Guidelines, it imposes a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant.  Booker, 125 S. Ct. at 746, 750; United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The fact of a prior conviction, however, is an exception to this general rule and need not be proven to a jury beyond a reasonable doubt.  Almendarez-Torres v. United States, 523 U.S. 224, 233-36 (1998).  This exception was reaffirmed in Booker.  Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be

proved to a jury."); see also United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

The sentence imposed by the district court does not violate Harris' Sixth Amendment rights. First, the indictment to which Harris pled guilty supports a base offense level of fourteen, which was increased to twenty-four due to his prior felony convictions. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(2), (6) (2002). However, because of Harris' two prior convictions for narcotics distribution, he was properly considered a career offender with an offense level of thirty-two. USSG § 4B1.1. This offense level combines with Harris' criminal history category of VI to yield a recommended sentencing range of 210 to 262 months' imprisonment.[*] See USSG Ch. 5, Pt. A, table. The sentence of 151 months' imprisonment imposed by the district court does not exceed the sentence authorized by the jury's verdict. Accordingly, Harris has demonstrated no Sixth Amendment violation. Moreover, nothing in the sentencing transcript suggests that the court would have imposed a different sentence under a non-mandatory application of the guidelines. See generally United States v. White, 405 F.3d 208, 233 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

---

[*]For purposes of the Booker Sixth Amendment analysis, we do not factor in the acceptance of responsibility adjustment awarded by the district court. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

We affirm Harris' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED